UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ERIC BOWMAN

    Plaintiff,

v.                                                                      Case No:  6:13-cv-614-Orl-31TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## REPORT AND RECOMMENDATION

Plaintiff Eric Bowman brings this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act ("Act"), for judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for disability insurance benefits under the Act.  Plaintiff argues that the administrative law judge ("ALJ") erred by: (1) failing to properly consider the medical opinion evidence; (2) failing to include in his assessment of Plaintiff's residual functional capacity ("RFC") any limitations relating to Plaintiff's concentration, persistence, or pace, even though the ALJ found at step two that Plaintiff was moderately limited in this area; and (3) failing to resolve inconsistencies between the vocational expert's ("VE") testimony and the Dictionary of Occupational Titles.  (Doc. 17).  Based upon a review of the record, including the administrative transcript and the pleadings and memoranda submitted by the parties, and for the reasons that follow, I respectfully recommend that the Commissioner's final decision in this case be **REVERSED** and **REMANDED** for further proceedings consistent with the findings in this report, pursuant to sentence four of 42 U.S.C. § 405(g).

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence. Crawford v. Commissioner, 363 F.3d 1155, 1158 (11th Cir. 2004). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla but less than a preponderance. It is such relevant evidence that a reasonable person would accept as adequate to support a conclusion." Winschel v. Commissioner, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted).

When the Commissioner's decision is supported by substantial evidence, the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner.]" Id. "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam); accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine the reasonableness of the factual findings).

There is a presumption in favor of the ALJ's findings of fact, but the presumption does not attach to the ALJ's conclusions of law. Welch v. Bowen, 854 F.2d 436, 438 (11th Cir. 1988) (per curiam). The Court will reverse a final decision if the ALJ incorrectly applied the law or failed to provide sufficient reasoning for the Court to determine whether the ALJ properly applied the law. Keeton v. Dep't of Health & Human Servs., 21 F.3d 1064, 1066 (11th Cir. 1992). When it reviews the

Commissioner's final decision, the Court is authorized to "enter ... a judgment affirming, modifying, or reversing the decision ... with or without remanding the cause for a hearing." 42 U.S.C. § 405(g).

In evaluating a claimant's residual functional capacity, the ALJ must weigh the opinions and findings of treating, examining, and non-examining physicians and psychologists. The ALJ must consider all relevant factors in determining the weight to afford to a medical source opinion, including the nature and duration of the relationship between the provider and the patient, any evidence the source presents in support of the opinion, the opinion's consistency with the record, and the provider's specialty. 28 C.F.R. § 404.1527(c). An "opinion" is any statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical or mental restrictions. Winschel, 631 F.3d at 1178-79; 20 C.F.R. § 404.1527(a)(2). When confronted with a medical source opinion, the ALJ must state with particularity the weight given to the opinion and the reasons therefor. Id. (citing 20 CFR. § 404.1527(a)(2); Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987)). The ALJ must provide this information in order for reviewing courts "to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." Winschel, 631 F.3d at 1178-79 (quoting Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981)).

Psychologist, Mena Stramenga, Ph.D., made a consultative examination of Plaintiff on August 5, 2011. (Tr. 512-15). She found Plaintiff oriented, cooperative, with appropriate eye contact, with fluent clear speech, intact attention and concentration, an appropriate fund of information, intellectual functioning in the average range, coherent

3

and goal-directed thought processes, good insight and judgment, and no psychosis, despite having depression and dysthymic mood, a flat affect, and impaired recent and remote memory due to anxiety or nervousness.  Tr. 513-14.  Dr. Stramenga said Plaintiff's prognosis was good, considering his willingness to continue therapy. (Tr. 515).  She concluded:

> [Plaintiff] is seen as somebody who can follow and understand simple directions and instructions, as well as perform simple tasks independently.  [Plaintiff] has moderate difficulties maintaining a regular schedule, learning new tasks, performing complex tasks independently, and maintaining attention and concentration.  He is seen as somebody who is able to make appropriate decisions, has mild difficulties relating adequately with others, and moderate difficulties appropriately dealing with stress.  These difficulties appear to be caused by longstanding issues with anxiety, which appear to have been exacerbated by his chronic pain.
>
> The results of the present evaluation appear to be consistent with psychiatric difficulties, and this may significantly interfere with [Plaintiff's] ability to function on a daily basis.

(Tr. 514-515).

In his decision, the ALJ said Dr. Stramenga "indicated that the claimant (was mentally unable to perform competitive work on a sustained basis as he) had psychiatric difficulties which may interfere with his ability to function on a daily basis."[1]  (Tr. 31).  Dr. Stramenga did not make this statement.  (Tr. 512-15).  In the next paragraph of his decision, the ALJ attributed the identical statement to Eric Pagan, M.S.W., L.C.S.W.[2] (Id.).  Mr. Pagan did not make this statement and I am unable to find the source of the statement in the record.  (Tr. 619-22).

---

[1] The ALJ's strange use of parenthesis contributes to the difficulty in understanding his decision.
[2] The ALJ said Mr. Pagan is not an acceptable medical source and the parties do not dispute this finding.  (Tr. 31).

4

After attributing to Dr. Stramenga an opinion she did not give, the ALJ determined not to give it controlling weight because it is on an issue reserved to the Commissioner, is inconsistent with Dr. Stramenga's own examination records, and is inconsistent with the evidence as a whole.  Id.; See also 20 C.F.R. § 404.1527(d).  The Commissioner argues that the ALJ's mistake was "probably a typo or error" and that the mistake is harmless because the ALJ otherwise accurately described Dr. Stramenga's true opinions and offered adequate reasons for rejecting the opinion the doctor did not give. (Doc. 20, pp. 6-7).

The ALJ cites Dr. Stramenga's findings multiple times in his decision.  (Tr. 23, 27-32).  But, the only time the ALJ tells the reader the amount of weight given to Dr. Stramenga's opinions concerns the statement she did not make.  (Tr. 19-34).  This makes judicial review of the ALJ's treatment of Dr. Stramenga's opinions difficult, if not impossible.  On this record, I cannot say with confidence how much weight the ALJ gave Dr. Stramenga's true opinions, or what weight the ALJ would have given the doctor's opinions if the ALJ had not been under a material misapprehension as to the doctor's findings.  Because Dr. Stramenga's opinions arguably support limitations more stringent than those included in Plaintiff's RFC assessment, I cannot conclude that the ALJ's error is harmless.

Plaintiff also argues that the ALJ should have included moderate limitations in the area of concentration, persistence, or pace in Plaintiff's RFC assessment and the hypothetical question to the VE.  (Doc. 17, pp. 13-16).  The Commissioner argues that Plaintiff's RFC assessment and the hypothetical question sufficiently accounted for the ALJ's finding of moderate limitations in concentration, persistence, and pace because the medical evidence supports the ALJ's hypothetical.  (Doc. 20, pp. 10-12.)

5

The ALJ evaluated the severity of Plaintiff's mental health conditions using the Commissioner's special psychiatric review technique ("PRT") set forth in 20 C.F.R. § 404.1520a. The PRT requires the ALJ to assess the degree of the claimant's functional limitations in four "broad functional areas:" activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation. Id. § 404.1520a(c)(3). In the first three areas, the ALJ must rate the degree of limitation on a five point scale (none, mild, moderate, marked, or extreme). Id. § 404.1520a(c)(4). In the fourth area (episodes of decompensation), the ALJ must rate the degree of limitation on a four-point scale (none, one or two, three, or four or more). Id. The last point on the scale in any area "represents a degree of limitation that is incompatible with the ability to do any gainful activity." Id.

If a claimant has no or only mild limitations in each of the first three areas of functioning, and has had no episodes of decompensation, the claimant's mental impairments will usually be found non-severe. Id. § 404.1520a(d)(1). If a claimant has marked limitations in two of the first three areas, or marked limitations in one of the first three areas and at least three episodes of decompensation of extended duration in the past year, the claimant must be found disabled at step three. See 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.00 et seq.

The PRT is "not an RFC assessment" but is "used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *4 (Jul. 2, 1996). "The mental RFC assessment used at steps 4 and 5 ... requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments, and summarized

6

on the PRT [form]." Id. In other words, the ALJ is not required to include "moderate limitations in concentration, persistence, or pace" in his RFC assessment or hypothetical to the VE. But that does not mean the ALJ's PRT findings are irrelevant to the claimant's RFC assessment. The Eleventh Circuit has made clear that an ALJ's RFC assessment must incorporate limitations that, when viewed in light of the whole record, appropriately reflect the PRT findings. See Winschel v. Commissioner, 631 F.3d 1176 (2011).

In Winschel, as here, the ALJ found at step two that the claimant was moderately limited in concentration, persistence, or pace, but did not specifically account for these limitations in the ALJ's RFC assessment. Id. at 1181. The Eleventh Circuit reversed, rejecting the Commissioner's argument that requiring the ALJ to account for his step two findings at step four would improperly conflate two different inquiries. Id. at 1180. The court noted that a limitation to simple, routine tasks or unskilled work would not adequately account for moderate limitations in concentration, persistence, or pace unless "medical evidence demonstrates that" a claimant can perform such tasks despite his limitations. Id. Because the ALJ "did not indicate that medical evidence suggested Winschel's ability to work was unaffected by [moderate limitations in concentration, persistence, and pace or] otherwise account for the limitation in the hypothetical," the Eleventh Circuit ordered that the case be remanded to the agency for further proceedings. Id. at 1181.

Here, the ALJ did not include in Plaintiff's RFC assessment any limitations that account for Plaintiff's moderate limitations in concentration, persistence, or pace. The Commissioner argues that this does not matter because the medical evidence supports the ALJ's assessment. (Doc. 20, p. 11). In particular, the Commissioner highlights the

7

statements from Dr. Dambrocia (a state agency consultative records examiner who evaluated Plaintiff's mental impairments) and Dr. Richard Plotkin (a psychiatrist who treated Plaintiff during the relevant period), as well as favorable passages from Dr. Stramenga's report. (Id.). In a footnote, the Commissioner recognizes that other parts of Dr. Stramenga's report do not support the ALJ's assessment, but argues that "the ALJ rejected Dr. Stramenga's findings because his [sic] findings were inconsistent with the evidence of record and his own internal findings." (Id. n. 9). Those were the reasons the ALJ gave for rejecting what he characterized as Dr. Stramenga's "vocational opinion" that Plaintiff could not work, which is not what Dr. Stramenga said in her report. The ALJ did not evaluate the medical opinion Dr. Stramenga actually provided. Because that opinion supports limitations beyond those the ALJ noted in Plaintiff's RFC assessment (for example, a limitation to simple tasks or low stress work, or an accommodation for occasional lateness), the Court cannot say that substantial evidence supports the ALJ's assessment of Plaintiff's RFC because it omits any restrictions related to Plaintiff's moderate limitations in concentration, persistence, or pace.

The ALJ did not expressly indicate that "the medical evidence suggested [Plaintiff's] ability to work was unaffected by" his moderate limitations in concentration, persistence, and pace. Winschel, 631 F.3d at 1181. Some courts have read Winschel to require such a finding when an ALJ finds moderate limitations in an area of functioning but declines to impose any pertinent limitations in the RFC assessment. See, e.g., Lea v. Commissioner, 776 F. Supp. 2d 1309, 1313 (M.D. Fla. 2011).

The Commissioner points to several unpublished Eleventh Circuit cases handed down since Winschel where that court found that an ALJ's decision adequately accounted for moderate limitations in concentration, persistence, and pace. (Doc. 20,

8

pp. 10-11 (citing Washington v. Commissioner, 503 Fed. Appx. 881, 883 (11th Cir. 2013); Smith v. Commissioner, 486 Fed. Appx. 874, 876 (11th Cir. 2012); Scott v. Commissioner, 495 Fed. Appx. 27, 28-29 (11th Cir. 2012); Rosario v. Commissioner, 490 Fed. Appx. 192, 195 (11th Cir. 2012); Forrester v. Commissioner, 455 Fed. Appx. 899, 903 (11th Cir. 2012); Syed v. Commissioner, 441 Fed. Appx. 632, 634-35 (11th Cir. 2011)).  In each of these cases, the ALJ actually included a limitation obviously attributable to moderate difficulty in concentration, persistence, or pace–in particular a restriction to simple, routine tasks.  Washington, 504 Fed. Appx. at 883; Smith, 486 Fed. Appx. at 875; Scott, 495 Fed. Appx. at 29; Rosario, 490 Fed. Appx. at 195; Forrester, 455 Fed. Appx. at 903; Syed, 441 Fed. Appx. at 634.  And, the ALJs in those cases did not reject pertinent medical source opinions based on a mischaracterizations of the opinions.

Because the ALJ failed to expressly or impliedly account for Plaintiff's moderate limitations in concentration, persistence, or pace in his RFC assessment, I find that the ALJ's decision is not supported by substantial evidence.[3] Because I conclude that remand is warranted to re-evaluate Plaintiff's RFC I do not address Plaintiff's assignment of error regarding an alleged conflict between the testimony of the vocational expert and the Dictionary of Occupational Titles.

Upon consideration of the foregoing, I respectfully recommend that:

---

[3] The example jobs provided by the vocational expert were all unskilled, so if the only additional limitation the ALJ reasonably might have included to account for Plaintiff's moderate limitations in concentration, persistence, or pace was a restriction to simple and routine (i.e., unskilled) work, then any error in assessing Plaintiff's RFC might be harmless. But other limitations–for example, to low-stress work–are also plausible given the evidence in the record. The vocational expert did not testify to the availability of jobs for someone with Plaintiff's RFC as assessed by the ALJ with an additional accommodation to low-stress work. Therefore, I cannot conclude that the ALJ's error was harmless.

1. The Commissioner's final decision in this case be **REVERSED and REMANDED** for further proceedings consistent with the findings in this report.

2. The Clerk be directed to enter judgment accordingly and **CLOSE** the file.

3. Plaintiff be advised that the deadline to file a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) shall be thirty (30) days after Plaintiff receives notice from the Social Security Administration of the amount of past due benefits awarded.

4. Plaintiff be directed that upon receipt of such notice, he shall promptly email Mr. Rudy and the OGC attorney who prepared the Government's brief to advise that the notice has been received.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on July 28, 2014.

*[signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record