UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ERIC BOWMAN,

     Plaintiff,

v.                                      Case No.  6:13-cv-614-Orl-31TBS

CAROLYN W. COLVIN, et. al., Acting
Commissioner for Social Security,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

This case comes before the Court without oral argument on Plaintiff's

Petition for EAJA Fees Pursuant to 28 U.S.C. 2312(d) (Doc. 24).  The

Commissioner of Social Security has filed a response in opposition to the motion.

(Doc. 26).

Plaintiff Eric Bowman's application for Social Security disability insurance

benefits was denied initially and on reconsideration.  (Tr. 80-81).  He brought this

action after unsuccessfully exhausting his administrative remedies.   The case was

referred to me and after review, I recommended that the Commissioner's final

decision be reversed and that the case be remanded for further proceedings.  (Doc.

21).  The district judge agreed and judgment was entered for Plaintiff on August 14,

2014.  (Docs. 22-23).  Now, Plaintiff seeks an award of $6,477.81 in attorney and

paralegal fees.  (Doc. 24).

Subject to limitations that do not apply here, the Equal Access to Justice Act

("EAJA") provides that a party that prevails in court against the United States may

be awarded fees if the government's position in the litigation was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).  Eligibility for an award of attorney's fees requires proof that: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust.  28 U.S.C. § 2412(d).  The Commissioner does not dispute that Plaintiff has satisfied all five requirements.  (Docs. 24, 26).  The sole issue raised by the Commissioner is the reasonableness of the hours claimed by Plaintiff's lawyers.  (Doc. 26).

"[T]he measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." Norman v. Housing Authority of the City of Montgomery, 836 F.2d 1292, 1306 (11th Cir. 1988).  Counsel "must exercise their own billing judgment to exclude any hours that are excessive, redundant, or otherwise unnecessary." Galdames v. N & D Inv. Corp., 432 F. App'x 801, 806 (11th Cir. 2011) (citations and inner quotations omitted).  Attorneys may only bill adversaries for the same hours they would bill a client. Resolution Trust Corp. v. Hallmark Builders Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).  Hours found by the court to be "excessive, redundant, or otherwise unnecessary" should be excluded. Id.; Blanco v. Biscayne Wine Group, LLC, No. 10-23988-CIV, 2014 WL 2653922 at * 10 (S.D. Fla. June 13, 2014).

The Court is "an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Norman, at 1303 (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)).  The court must exercise its independent judgment when reviewing a claim for hours reasonably expended.  Norman at 1301-02.  "Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'"  Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting Hensley v. Eckerhart, 461 U.S. 424, 436, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)).

Plaintiff is represented by attorneys Carol Avard and Mark Zakhvatayev. (Doc. 24 at 10-11).  Ms. Avard is one of six board certified Social Security disability attorneys in the state of Florida.  (Doc. 24 at 10).  She has practiced Social Security disability law since 1981, and since 1990, 80 percent of her practice has involved the representation of Social Security disability claimants.  (Id., at 6-7).  She has lectured on Social Security law and resources for Social Security practitioners at continuing education seminars sponsored by the Florida Bar, American Association for Justice, and the National Organization of Social Security Claimant's Representatives.  (Id., at 9-10).  Ms. Avard billed 27.5 hours on the case.  (Id., at 15).

Mr. Zakhvatayev is employed by Ms. Avard's firm.  He has been practicing law since 2010, and has handled several hundred Social Security disability

-3-

hearings, and prepared hundreds of Appeals Council briefs.  (Doc. 24-3).  (Id.).  Mr.

Zakhvatayev has also lectured on behalf of the National Organization of Social

Security Representatives.  (Id.).  He recorded a total of 6.9 hours worked on this

matter.  (Doc. 24 at 16).  In addition to Ms. Avard and Mr. Zakhvatayev, a paralegal

billed .4 of an hour on the file.  (Id.).  Thus, Plaintiff's counsel seek reimbursement

for a total of 34.4 hours of attorney time, and .4 of an hour of paralegal time.

        The issues in this case were not novel.  Plaintiff argued to this Court that the

ALJ committed reversible error by (1) failing to properly consider the opinions of two

state agency consultative examiners; (2) failing to include Plaintiff's moderate

limitations of concentration, persistence, and pace in his residual functional

capacity assessment; (3) improperly relying on a vocational expert's testimony

which was inconsistent with the Dictionary of Occupational Titles; and (4)

improperly relying on a vocational expert's testimony that jobs existed in significant

numbers, when the numbers were not significant pursuant to 42 U.S.C. § 423.

        The administrative record is 636 pages long and Plaintiff's brief is 23 pages

long.  (Docs. 14, 17).  Plaintiff requests compensation for 28 hours of attorney time

for brief writing and related activities.  (Doc. 24 at 14-16).  In light of counsels'

qualifications, the length of the brief, and the absence of any novel issues, the

Commissioner argues that 28 hours is excessive and the Court should make a 4 to

8 hour reduction in the time claimed for this work.  (Doc. 26, 3-4). (Id.).  The

Commissioner cites Huntley v. Comm'r of Soc. Sec., No. 6:12-cv-613-Orl-37TBS,

2013 WL 5970717 (M.D. Fla. Nov. 8, 2013), in support of her argument.  In Huntley,

the Court reviewed attorney's fees awarded in Social Security cases in this district and stated that "an award in excess of thirty hours is uncommon." Id., n. 1.  Based upon my experience, this continues to be true, but not persuasive.  There are too many variables and in my experience, it usually takes longer to write a short paper than to write a long one.

I have considered the requested hours both in the aggregate and on a line-by-line basis and find, with three exceptions, that the hours requested were reasonably expended on this case.  My first issue is with Ms. Avard's time entries on April 19, 2013 and September 7, 2013 for her paralegal to file papers with the Court.  It appears that this time is being claimed for Ms. Avard and her paralegal.  In addition to the apparent double billing, the filing of papers is a non-compensable, ministerial task.  Accordingly, I deducted .4 of an hour from Ms. Avard's time and allowed no time for the paralegal.  Second, on November 27, 2013, Ms. Avard charged .2 of an hour to review a motion for extension of time.  I find this excessive and have reduced the entry to .1 of an hour.  After making these reductions, I respectfully recommend the Court award the following professional fees to Plaintiff:

Carol Avard

    2013--26.6 hours at $187.25 = $4,980.85

    2014-.8 hours at $191.25 = $153.00

                Sub-Total:    $5,133.85

Mark Zakhvatayev

    2013–4.6 hours at $187.25 = $861.35

2014-2.3 hours at $191.25 = 439.88

Sub-Total:     $1,301.23

Paralegal--0

Total Attorney Fee:  $6,435.08

Plaintiff's fee agreement with his counsel includes an assignment of any court awarded EAJA attorney fees and costs to Avard Law Offices, P.A.  (Doc. 24-1).  The Commissioner agrees that if Plaintiff does not owe a debt to the federal government, EAJA fees should be paid directly to Plaintiff's attorneys.  (Id., at 4).  Accordingly, I recommend the Court include the following language in its order:  "The U.S. Department of the Treasury will determine whether Plaintiff owes a debt to the government.  If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel."  Payment should be made out of the judgment fund.

Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

RESPECTFULLY SUBMITTED in Orlando, Florida, on October 1, 2014.

THOMAS B. SMITH
United States Magistrate Judge

-6-

Copies to:

Presiding United States District Judge
Counsel of Record