UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ERIC BOWMAN,

    Plaintiff,

v.                                      Case No:   6:13-cv-614-Orl-31TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Uncontested Petition and Memorandum in Support for Reasonable Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc 31).   Upon due consideration I respectfully recommend that the motion be **GRANTED**.

Plaintiff applied for disability insurance benefits on May 11, 2011, alleging an onset of disability on December 29, 2010 (Doc. 17 at 2).   His request was denied by an administrative law judge ("ALJ") on October 12, 2012 (Id.).   He appealed the ALJ's decision and on February 20, 2013, the Appeals Council denied his request for review (Id.).   Plaintiff retained Avard Law Offices, P.A., to file this action on his behalf, seeking judicial review of the Commissioner of Social Security's final adverse decision (Doc. 1).

The Commissioner answered the complaint (Doc. 13), and the Court entered a scheduling order (Doc. 16).   The parties filed their respective legal memoranda addressing the merits of Plaintiff's claims (Docs. 17, 20).   On July 28, 2014, I entered my report and recommendation that the district court reverse and remand the final decision of the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) (Doc. 21).   My report and recommendation was adopted by the district judge on

August 14, 2014 (Doc. 22). On that same day, the clerk entered judgment for Plaintiff (Doc. 23). The Court subsequently awarded Plaintiff $6,435.08 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A) (Docs. 29-30).

On remand, the Commissioner found Plaintiff disabled and awarded him $82,856.00 in past-due disability insurance benefits (Doc. 31 at 11; 31-2 at 3). The Commissioner has withheld $20,714.00, or 25% of the award, for payment of attorney's fees (Doc. 31-2 at 3). Plaintiff's attorney, Carol Avard, asks the Court to approve an award of $20,714.00, with the representation that the EAJA fees previously awarded will be reimbursed by her firm to Plaintiff (Doc. 31 at 18). Pursuant to M.D. FLA. R. 3.01(g), counsel for Plaintiff represents that the Commissioner's attorney has been contacted and has no objection to the requested relief (Id. at 2).

Under 42 U.S.C. § 406(b), an attorney who secures a favorable result for his or her client on remand from federal court may petition the Court for a fee not in excess of 25% of the total past-due benefits to which the claimant is entitled. 42 U.S.C. § 406(b)(1)(A). In capping the fee at twenty-five percent, "Congress ... sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees.'" Gisbrecht v. Barnhart, 535 U.S. 789, 805 (2002). "Within the 25% boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807.

The Court's § 406(b) reasonableness analysis is not meant to supplant the contingency-fee arrangement, which the Supreme Court recognized as the most common fee arrangement in Social Security cases. Id. at 800. In fact, the Supreme Court

counsels that the parties' fee agreement is the first place the Court should turn in assessing the reasonableness of a fee.  Id. at 808.  Then, the Court may evaluate other key considerations including the character of the representation and the results the representation achieved.  Id.  Factors that may warrant a reduction in counsel's fee include "[i]f the attorney is responsible for delay" or "[i]f the benefits are large in comparison to the amount of time spent on the case."  Id.

Plaintiff and his attorney entered into a contingent fee agreement which provides that if Plaintiff prevails in federal court and is subsequently awarded benefits at the administrative level, he will pay Ms. Avard a fee of "25% of retroactive benefits pursuant to Section 406(b) subject to approval by the court."  (Doc. 31-3).  A contingency fee of 25% falls within the bounds authorized by Congress when it enacted § 406(b), and the Supreme Court in Gisbrecht recognized that contingent fee agreements are "the most common fee arrangement between attorneys and social security claimants."  535 U.S. at 800.  A 25% contingency fee is also reasonable under Rule 4-1.5 of the Florida Rules of Professional Conduct, and is below the customary range for contingent fee cases in ordinary civil cases filed in state and federal courts in Florida.  See Rule 4-1.5(f) of the Rules Regulating the Florida Bar which provides for a 33 1/3% contingent fee for any recovery up to one million dollars.

Plaintiff's attorney spent at least 32.10 hours on the case which does not include the 28 hours expended at the administrative level (Docs. 31 at 13-14; 31-4).  The reasonableness of this 406(b) fee request, in light of the fee agreement and the ultimate award of past due benefits, is not in dispute.  See (Doc. 31 at 1-2; Doc. 31-2).

For these reasons, it is **respectfully recommended** that the district court **grant** the motion and:

(1) approve the payment of § 406(b) fees in the amount of **$20,714.00** to Avard Law offices, P.A.; and

(2) order Avard Law Offices, P.A., to promptly pay the sum of **$6,435.08** directly to Plaintiff.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   See 11th Cir. R. 3-1.

If there is no objection to this Report and Recommendation, the parties may file a notice of no objection so as to shorten the time frame for the completion of this part of the case.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on December 9, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record